**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| MARK A. ADAIR, | ) | Case No.: 2:11-cv-00519-GMN-RJJ |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA HOME LOANS | ) | |
| SERVICING, LP, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

Before the Court is Defendants BAC Home Loan Servicing, LP ("BAC"), ReconTrust Company, N.A. ("ReconTrust"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and MERSCORP, Inc.'s Motion to Dismiss (ECF No. 5). Plaintiff Mark A. Adair filed a Response on May 3, 2011 (ECF No. 14) and Defendants filed a Reply on May 12, 2011 (ECF No. 16).

## FACTS AND BACKGROUND

On March 12, 2001, Plaintiff purchased property located at 1401 Marbella Ridge Court, Las Vegas, Nevada, 89117. (*See* Grant, Bargain, Sale Deed, Ex. G, ECF No. 5–7.)[1] On January 16, 2002, Plaintiff borrowed $325,000.00 from Washington Mutual Bank, FA to erect improvements on the property. (*See* 2002 Deed of Trust ("2002 DOT"), Ex. H, ECF No. 5–8.) Plaintiff secured the $325,000.00 loan with a deed of trust encumbering the property. (*See id*).

Then on September 18, 2003, Plaintiff refinanced the property by obtaining a $320,000.00 loan from Independent Realty Capital Corporation and secured the loan with a deed of trust against the property. (*See* 2003 Deed of Trust ("2003 DOT"), Ex. I, ECF No. 5–9.) A

---

[1] The Court takes judicial notice of the public records adduced by Defendants (ECF No. 15 Exs. G-O, Q). *See Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

few weeks later, on October 6, 2003, Plaintiff also obtained a $50,000.00 line of credit from Independent Realty Capital Corporation.  (*See* 2003 DOT Line of Credit, Ex. J, ECF No. 5–10.) The $50,000.00 line of credit was secured by a second position deed of trust encumbering the property. (*See id.*)

On May 13, 2004, Plaintiff again refinanced, this time by obtaining a $570,000.00 loan from GreenPoint Mortgage Funding, Inc. (*See* Foreclosing Deed of Trust, Ex. K, ECF No. 5–11.) The $570,000.00 loan was secured by a deed of trust ("Foreclosing DOT") against the property. (*See id.*)  MERS is listed at the beneficiary and nominee of the lender on the Foreclosing DOT. (*See id.*)  Marin Conveyancing Corp. is listed as the trustee.  (*See id.*)  Also on May 13, 2004, Plaintiff obtained a $190,000.00 Home Equity Line of Credit from GreenPoint Mortgage Funding, Inc. (*See* 2004 HELOC, Ex. L, ECF No. 5–12.) The $190,000.00 Home Equity Line of Credit was secured by a second position deed of trust encumbering the property. (*See id.*)

On March 16, 2010, MERS assigned the Foreclosing Deed of Trust to GreenPoint Mortgage Funding, LLC. (*See* Corporation Assignment of Deed of Trust Nevada, Ex. M, ECF No. 5–13.) That same day, GreenPoint Mortgage Funding, LLC substituted ReconTrust as the trustee under the Foreclosing Deed of Trust. (*See* Substitution of Trustee Nevada, Ex. N, ECF No. 5–14.)

Plaintiff defaulted on his loan on or around October 1, 2009 and ReconTrust subsequently recorded a Notice of Default/Election to Sell under Deed of Trust ("NOD") on March 17, 2010. (*See* NOD, Ex. O, ECF No. 5–15.)  Plaintiff does not allege that any sale of the property has taken place and Defendants do not admit that they sold the property either.

Plaintiff filed the instant suit on February 7, 2011 alleging twelve claims for relief: (1) Violations of Unfair Lending Practices-NRS 598D; (2) Deceptive Trade Practices; (3) Wrongful Foreclosure; (4) Conspiracy to Commit Fraud and Conversion; (5) Conspiracy to

Commit Fraud Related to MERS System; (6) Inspection and Accounting; (7) Unjust

Enrichment; (8) Quiet Title; (9) Breach of Good Faith and Fair Dealing; (10) Injunctive Relief;

(11) Declaratory Relief; and (12) Rescission.  On February 28, 2011, Plaintiff also recorded a *lis*

*pendens* on the property (Clark County Recorder, Doc. No. 201102280001513). (*See* Notice of

Lis Pendens, Ex. Q, ECF No. 5–17.)

## DISCUSSION

### A.    RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47

(1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

12(b)(6) tests the complaint's sufficiency.  *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720

F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

failure to state a claim, dismissal is appropriate only when the complaint does not give the

defendant fair notice of a legally cognizable claim and the grounds on which it rests.  *See Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007).  However, facts must be

sufficient to edge a complaint from the conceivable to the plausible in order to state a claim.  *Id.*

In considering whether the complaint is sufficient to state a claim, the court will take all material

allegations as true and construe them in the light most favorable to the plaintiff.  *See NL Indus.,*

*Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept

as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court clarified that, in order to avoid a motion to dismiss, the complaint

must contain "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court in Ashcroft further stated "[w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

**B.    ANALYSIS**

**1.    Violations of Unfair Lending Practices-NRS 598D (Count 1)**

Plaintiff claims that Defendants violated Nevada Revised Statutes § 598(D) by, among other things, making a loan to Plaintiff that did not include an evaluation of Plaintiff's capacity to repay such loan. (Compl. ¶ 30, ECF No. 1-1.)  The statute of limitations under this section is three years. N.R.S. § 11.190(3)(a); *see also*, *Lair v. Wells Fargo Bank, N.A.*, No. 3:11-cv-00399-RCJ-VPC, 2011 WL 5117849, at *4 (D.Nev. Oct. 27, 2011); *Tyler v. American Home Mortg.*, No. 3:10-cv-00042-ECR-VPC, 2011 WL 5025234, at *5 (D.Nev. Oct. 21, 2011). Plaintiff's claim arises from the origination of the loan in May 2004, and the instant action was filed in

February 2011, more than three years later.   Therefore, Plaintiff's first cause of action for unfair lending practices will be dismissed with prejudice, as the claim is time-barred.

### 2.      Deceptive Trade Practices (Count 2)

Plaintiff's second cause of action alleges that "Defendant engaged in deceptive trade practices by knowingly making false representations to Plaintiff in violation of NRS § 598.0915 and NRS § 598.0923." (Compl. at ¶ 37)

Only subsection 15 of NRS § 598.0915 could plausibly state a claim upon which relief could be granted.  All other subsections of NRS § 598.0915 apply specifically to goods and/or services.  NRS § 598.0923 does not apply to this case because: "(1) plaintiff has not alleged, under subsection one, that any defendant has been conducting their business without a required license; (2) subsections two and three apply to the sale or lease of goods or services; (3) plaintiff has not alleged that any defendant, under subsection four, has used coercion, duress or intimidation in a transaction; and (4) no defendant was the seller in a land sale installment contract under subsection five." *Anderson v. Deutsche Bank National Trust Co*., No. 2:10-cv-1443-JCM-PAL, 2010 WL 4386958, at *3 (D.Nev. Oct. 29, 2010).

Subsection 15 of NRS § 598.0915 makes knowingly making any false representation in a transaction a deceptive trade practice.  Plaintiff alleges that "the defendants did not furnish Plaintiff the correct Notice of Servicing that the loan may be assigned, sold, or transferred to any other person in violation of 12 U.S.C. 2605(a)." (Compl. at ¶ 40.)  This claim is barred by the applicable statute of limitations for a claim under the Deceptive Trade Practices Act, which is four (4) years. NRS § 11.190(2)(d). Plaintiff's claim arises from the origination of the loan in May 2004, and the instant action was filed in February 2011, more than four (4) years later. Accordingly, the second cause of action is dismissed against all Defendants with prejudice.

### 3.      Wrongful Foreclosure (Count 3)

Plaintiff claims that Defendants engaged in wrongful foreclosure by willfully failing to

properly review or consider Plaintiff's HAMP applications and/or failing to suspend the foreclosure action and/or failing to provide Plaintiff any alternative foreclosure prevention options as required by HAMP guidelines and/or any other federal applicable guidelines. (Compl. at ¶ 45.) There is no private right of action under the HAMP program. *See Simon v. Bank of Am., N.A.*, No. 10-cv-00300-GMN-LRL, 2010 WL 2609436, at *7 (D. Nev. June 23, 2010) ("[C]ourts have consistently held that the Home Affordable Modification Program does not provide borrowers with a private cause of action against lenders for failing to consider their application for loan modification, or even to modify an eligible loan.")

If the Court were to construe Plaintiff's claim as an action for the tort of wrongful foreclosure under Nevada law, his claim still fails.  In Nevada "[a]n action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev.1983) (citations omitted).  Plaintiff does not dispute that he is in default on his mortgage payments.

Furthermore, there are no allegations that Plaintiff has already been foreclosed upon. Many Courts within this jurisdiction have held that a claim for wrongful foreclose is premature and accordingly will be dismissed if Defendants have not yet sold the property.  *See Thomas v. Wachovia Mortg. FSB*, No. 2:10-cv-01819-ECR-GWF, 2011 WL 3159169 at *4 (D.Nev. July 25, 2011).

Accordingly, Plaintiff's claim for wrongful foreclosure is dismissed without prejudice.

### 4.      Conspiracy to Commit Fraud and Conversion (Count 4)

Plaintiff's claim for conspiracy to commit a wrongful conversion is basically an allegation of a civil conspiracy to defraud.  "Under Nevada law, an actionable civil conspiracy-

to-defraud claim exists when there is (1) a conspiracy agreement; (2) an overt act of fraud in furtherance of the conspiracy; and (3) resulting damages to the plaintiff." *Goodwin v. Executive Tr. Servs., LLC*, 680 F.Supp.2d 1244, 1254 (D.Nev. 2010) (citing *Jordan v. State ex rel. Dep't of Motor Vehicles and Pub. Safety*, 110 P.3d 30, 51 (Nev. 2005)). "To allege a conspiracy to defraud, a complaint must meet the particularity requirements of Federal Rule of Civil Procedure 9(b) and inform each defendant of its actions that constituted joining the conspiracy." *Anderson*, 2010 WL 4386958, at *4; *Graziose v. Am. Home Prods. Corp.*, 202 F.R.D. 638, 642 (D.Nev. 2001). Allegations of conspiracy should be accompanied by the who, what, when, where, and how of the misconduct. *Ness v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.2003).

Plaintiff fails to state with any particularity facts that would establish a claim for a civil conspiracy to defraud. Accordingly, this claim is dismissed without prejudice.

### 5. Conspiracy to Commit Fraud Related to MERS System (Count 5)

Plaintiff's fifth cause of action fails for the same reasons his fourth cause of action fails. To allege a conspiracy of fraud a complaint must meet the particularity requirements of Federal Rule of Civil Procedure 9(b) and inform each defendant of its actions that constituted joining the conspiracy. Plaintiff does not state any facts with particularity to establish this claim. Accordingly, this claim is dismissed without prejudice.

### 6. Unjust Enrichment (Count 7)

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev.1995). However, an action for unjust enrichment cannot stand when there is an express written contract which guides the activities of the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev.1997).

Here, there was a written contract between the parties, namely, the deed of trust and mortgage note. These documents guided the interactions, obligations, and rights of the parties. As such, Plaintiff cannot make a claim in equity for actions that are guided by a contract to which they are parties. *See LeasePartners Corp.*, 942 P.2d at 187–88.  Accordingly, this claim is dismissed with prejudice.

**7.     Breach of Good Faith and Fair Dealing (Count 9)**

Plaintiff's ninth cause of action alleges breach of good faith and fair dealing, stating that Defendants had a duty to (1) pay at least as much consideration to Plaintiff's financial interests as to their own, and (2) to comply with all applicable laws of the State of Nevada and published HAMP guidelines and requirements under the HAMP contracts. (Compl. at ¶101.)

The Ninth Circuit has recognized that no duty exists between lenders and debtors, and held that they are "adversaries, not fiduciaries." *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th Cir.2007).  Therefore, Defendants' alleged duty to "pay at least as much consideration to Plaintiff's financial interests as to their own," fails, because Defendants do not owe such a duty to Plaintiff.

The next duty alleged to have been breached by Defendants deals with the HAMP contracts.  As previously stated, the Plaintiff does not have a private right of action under HAMP and is not a third party beneficiary. *See Manabat v. Sierra Pac. Mortg. Co.*, No. CV F 10–1018 LJO JLT, 2010 WL 2574161 (E.D. Cal. June 25, 2010); *Simon*, 2010 WL 2609436, at *7.  Therefore, Defendants did not have a duty to either attempt to modify Plaintiff's loans by entering into negotiations with Plaintiff in good faith, nor to comply with all applicable laws of the State of Nevada and published HAMP guidelines and requirements under the HAMP contracts.  Thus, Plaintiff's claim for relief for breach of good faith and fair dealing is dismissed with prejudice.

/ / /

**8.      Remaining Causes of Action (Counts 8, 10, 11 and 12)**

Because Plaintiff has failed to plead any cognizable legal claims, his additional requests for inspection and accounting, quiet tile, injunctive relief, declaratory relief, and rescission will not be addressed here.  Should Plaintiff's new complaint state claims upon which these remedies can be granted, his request will be properly considered by the court at that time.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED in part and DENIED in part.  Plaintiff's claims 1, 2, 6, 7 and 9 are DISMISSED with prejudice. Plaintiff is GRANTED leave to amend claims 3, 4, and 5 and reassert his claims for relief. Plaintiff shall file the amended complaint by <u>Wednesday, December 14, 2011</u>.**  Failure to file an amended complaint by that date will result in dismissal of this lawsuit.

DATED this 18th day of November, 2011.

_____
Gloria M. Navarro
United States District Judge